## In re Anonymous No. 15 D.B. 80

Disciplinary Board Docket no. 15 D.B. 80.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

DANIELS, *Board Member,* August 14, 1981— Pursuant to Pa.R.D.E. 208(d), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

The within petition for discipline was filed on March 27, 1980 against respondent, alleging violations of the following Disciplinary Rules of the Code of Professional Responsibility:

1. D.R. 1-102(A)(3): A lawyer shall not engage in illegal conduct involving moral turpitude;

2. D.R. 1-102(A)(4): A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

3. D.R. 1-102(A)(5): A lawyer shall not engage in conduct that is prejudicial to the administration of justice;

4. D.R. 1-102(A)(6): A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law;

5. D.R. 2-106(A): A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee;

6. D.R. 9-102(A): All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more indentifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein;

7. D.R. 9-102(B)(3): A lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render approrpriate accounts to his client regarding them; and

8. D.R. 9-102(B)(4): A lawyer shall promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

The matter was referred to a hearing committee on May 12, 1980 and hearings were in fact held on August 7 and October 9, 1980 before that hearing committee.*

Following the conclusion of such hearings and the receipt of all evidence in connection with this disciplinary proceeding, the hearing committee issued its report and recommendation, which was filed with the Secretary of the Disciplinary Board of the Supreme Court of Pennsylvania on February 3, 1981, wherein it was found that respondent herein had violated each of the Disciplinary Rules referred

---

*At the second of such hearings, on October 9, 1980, hearing committeé member [ ] was not present, but both the Office of Disciplinary Counsel and counsel for respondent stipulated that such hearing should proceed without the presence of [ ].

to hereinbefore, with the exception of D.R. 1-102(A)(5), which rule respondent was found not to have violated. The hearing committee, consequently, recommended to this board that respondent, [ ], be suspended from the practice of law for a period of four months. The Office of Disciplinary Counsel of the Supreme Court of Pennsylvania filed exceptions to the hearing committee's report and recommendation of discipline, and oral argument was held before a three-member panel of the Disciplinary Board on April 29, 1981, in [ ], Pa.

For reasons set forth hereinafter, this board, after having heard oral argument and having reviewed the record in this matter, adopts the factual findings of the hearing committee and finds that respondent did, in fact, violate D.R. 1-102(A)(3), 1-102(A)(4), 1-102(A)(6), 2-106(A), 9-102(A), 9-102(B)(3) and 9-102(B)(4), but did not violate D.R. 1-102(A)(5). However, this board does not accept the hearing committee's recommendation of a four-month suspension, but, for reasons set forth hereinafter, recommends to the Supreme Court of Pennsylvania that respondent, [ ], be suspended from the practice of law for a period of one year.

## II. FINDINGS OF FACT

Respondent was found to have failed to maintain a trust account in the amount of $3,000, representing funds recovered by him on behalf of a minor client, after respondent had concluded a settlement with a defendant in a personal injury action on behalf of said minor. The settlement funds in the amount of $3,000 were received by respondent, on behalf of his minor client, on December 6, 1976 and deposited into respondent's separate attorney trust account on that date. Within about one and one-half months thereafter, by the end of January,

1977, the funds that had been so deposited on December 6, 1976 into respondent's separate attorney trust account had been depleted, and the balance in such account had fallen to $290. During that one and one-half month period of time, none of the $3,000 in funds had in any way been deposited to any account or paid out on behalf of the said minor client, whom respondent had represented in the personal injury action referred to hereinbefore. And, thereafter, it was not until in October of 1978 that respondent made any payments of any portion of the $3,000 fund to or on behalf of his minor client.

Respondent, through his counsel, [ ], Esq., who very ably argued his client's cause before the three-member hearing panel of this board on April 29, 1981, took no exception, either before the hearing committee or before the three-member hearing panel of this board, to any of the facts of record, which ultimately became the factual findings of the hearing committee. Accordingly, this board accepts and adopts the following findings of fact of the hearing committee:

1. Respondent, on January 27, 1977, appropriated to his own use the sum of at least $2,790.61, belonging to a minor client of which $1,050 was ultimately determined to be a fee due respondent.

2. Restoration was made for the benefit of the minor as follows: $963.35 on October 28, 1978; medical bills and other expenses totalling $616.65 by early 1980; and $370 on October 30, 1980.

3. Respondent made it difficult for complainant to reach him by telephone.

4. Respondent sent complainant a letter about October 28, 1978, which she might reasonably understand to indicate that three medical expenses totalling $485.65 had been paid, but he neglected to ascertain that they had not in fact been paid. They were paid in early 1980.

5. Respondent improperly deducted from the payment made for the benefit of the minor client the sum of $370 for services rendered said client's mother. Restitution in the form of $370 placed in a blocked savings account was made on October 30, 1980.

On the basis of such factual findings, respondent did, *in fact*, violate the following Disciplinary Rules of the Code of Professional Responsibility:

D.R. 1-102(A)(3): A lawyer shall not engage in illegal conduct involving moral turpitude;

D.R. 1-102(A)(4): A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

D.R. 1-102(A)(6): A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law;

D.R. 2-106(A): A lawyer shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee;

D.R. 9-102(A): All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein;

D.R. 9-102(B)(3): A lawyer shall maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them; and

D.R. 9-102(B)(4): A lawyer shall promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

## III. DISCUSSION

Respondent, through his counsel, [ ], does not and has not in any way denied or disputed the findings of fact as found by the hearing committee. Respondent does, however, question the severity of the discipline recommended by the hearing committee and argues, in that regard, that the absence of any prior disciplinary record on the part of respondent, the support that respondent has received from his family and from the Bar of the community in which he practices, the remorse and regret that respondent has demonstrated and expressed before the hearing committee and otherwise and the restitution that respondent has made with respect to the defalcations involved in this matter militate in favor of a less severe form of discipline for him than the four-month suspension from the practice of law that has been recommended by the hearing committee. The Office of Disciplinary Counsel, on the other hand, contends that a four-month suspension is far too lenient discipline for respondent for the violation of Disciplinary Rules reflecting upon his honesty, the legality of his conduct as an officer of the court, his fitness to practice law, his failure to maintain his clients' funds in a separate identifiable account, his commingling and use of clients' moneys for his own personal purposes and his failure to promptly deliver funds belonging to a client, since such violations constitute such serious deviations from the Code of Professional Responsibility, so as to require a much more severe discipline than a four-month period of suspension. This board has determined, based upon recently announced authority of the Supreme Court of Pennsylvania, that a one-year period of suspension is the appropriate

discipline to be meted out to respondent in this matter.

On April 21, 1981, the Supreme Court of Pennsylvania, in Office of Disciplinary Counsel v. Anonymous, No. 14 D.B. 80, 18 D. & C. 3d 503 (1980), imposed a one-year period of suspension from the practice of law for violations of the Code of Professional Responsibility strikingly similar in their nature to those violations involved in the instant proceeding. In the 14 D.B. 80 matter, respondent had been entrusted with a $7,500 amount on behalf of a client, which said respondent appropriated to his own personal use and deposited in his own personal account, although it was subsequently determined that only $2,500 of that money was properly due respondent as a counsel fee. Restitution of the $5,000 balance due respondent's client was not made until almost one year following the original misappropriation of the funds by said respondent.

The factual circumstances involved in the instant matter and in the 14 D.B. 80 proceeding are so similar and involve violations of such a similar magnitude that this board is, consequently, led to conclude that the discipline of a one-year suspension, as meted out by the Supreme Court of Pennsylvania in the 14 D.B. 80 case, is also appropriate in the instant matter. Neither respondent in 14 D.B. 80 nor the present respondent had any prior disciplinary record; both expressed remorse and regret concerning their transgressions; and each made restitution of the funds that they had previously misappropriated, *albeit* after each had been confronted with the prospect of being reported to the Disciplinary Board if such restitution was not forthcoming.

Accordingly, this board has concluded that a one-year period of suspension from the practice of law is the appropriate discipline to be imposed in the instant matter and, therefore, this board rejects the recommendation of the hearing committee that respondent be suspended from the practice of law for the period of four months.

## IV. RECOMMENDATION

For all of the reasons set forth hereinbefore, the Disciplinary Board of the Supreme Court of Pennsylvania hereby respectfully recommends to the Supreme Court of Pennsylvania that respondent, [ ], be suspended from the practice of law in the Commonwealth of Pennsylvania for the period of one year.

Mrs. Neuman did not participate in the adjudication.

## ORDER [OF PENNSYLVANIA SUPREME COURT]

O'BRIEN, *C.J.*, And now, September 25, 1981, the Recommendation of the Disciplinary Board dated August 14, 1981, is accepted; and it is ordered that respondent be and he is suspended from the Bar of this Commonwealth for the period of one year, and he shall comply with all the provisions of Rule 217 of the Pennsylvania Rules of Disciplinary Enforcement.

Mr. Justice Larsen and Mr. Justice Kauffman would disbar.

Mr. Justice Flaherty would issue a rule to show cause why [respondent] should not be disbarred.